UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID HORNTHAL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WHOLE FOODS MARKET, INC., <br><br> Defendant. | Case No. _____ <br><br> CLASS ACTION <br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff David Hornthal, individually and on behalf of all others similarly situated (the "Class members"), upon personal knowledge of facts pertaining to himself and on information and belief as to all other matters, by and through undersigned Counsel, brings this class action complaint against Defendant Whole Foods Market, Inc. ("Defendant" or "Whole Foods").

## NATURE OF THE ACTION

1. This consumer class action arises out of Defendant's misbranding and false and misleading advertising of its prepared whole hot pizzas at Whole Foods locations. Whole Foods' represents these pizzas as "18" Hot Pizza," "18" hand-stretched pizzas," and "18" Whole Pies" (collectively, "18" Claims"). At certain Whole Foods locations, the pizzas marketed using the 18" Claims are not 18 inches, but instead are only 16 inches and are sold in 16-inch by 16-inch boxes (the "Product"). The difference is not the result of normal variation in handmade food—the Product is sold in 16-inch by 16-inch boxes (the "Product box" or "Product boxes"). With respect to the Product, the 18" Claims are false, misleading, and likely to deceive a reasonable consumer. The Product is not an "18" Hot Pizza," "18" hand-stretched pizza[]," or "18" Whole Pie[]."

2.      Nevertheless, Whole Foods continues to market and promote the Product using the 18" Claims while selling consumers pizzas that are approximately 20% smaller in area.

3.      As a result of Whole Foods' deceptive and unfair practices, Plaintiff and the Class members received substantially less than what they were promised and paid for.

4.      Plaintiff brings this action on behalf of himself and all other similarly situated consumers to recover the amounts Plaintiff and the Class members overpaid, and to prevent Defendant from continuing to engage in its unlawful, deceptive, and unfair conduct, and to correct the false perception it has created in the marketplace through its misrepresentations of material facts.

## PARTIES

5.      Plaintiff David Hornthal is an Illinois resident, residing in Deerfield, Illinois. In November of 2022, he purchased a prepared whole hot pizza from a Whole Foods located in Deerfield, Illinois. At that time, Whole Foods was promoting a deal in which customers could purchase an "18" Hot Pizza" for $10. Plaintiff specifically chose to purchase a pizza from Whole Foods rather than other pizza restaurants because of the advertised pizza size. Relying on Whole Foods' representations, he believed he would be receiving a pizza that was 18 inches in diameter for the advertised price. Instead of receiving an 18 inch pizza as promised, Plaintiff received a pizza contained in an approximately 16-inch by 16-inch box that was far smaller than the pizza he paid for. Had Plaintiff known that the Product was not 18 inches, as advertised, he would not have purchased a pizza from Whole Foods.

6.      Whole Foods Market, Inc. is a Texas corporation with its headquarters located in Austin, Texas. It maintains a regional office in Chicago, Illinois, and owns and operates over twenty-five Whole Foods within Illinois.

## JURISDICTION AND VENUE

7. The Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1332(d) because the case is brought as a class action under Fed. R. Civ. P. 23, at least one proposed Class member is of diverse citizenship from Defendant, the proposed Class includes more than 100 members, and the aggregate amount in controversy exceeds five million dollars, excluding interest and costs.

8. This Court has personal jurisdiction over Defendant because Defendant has systemic and continuous contacts with Illinois due to its stores in Illinois.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant engaged in substantial conduct relevant to Plaintiff's claims within this District and has caused harm to Class members residing within this District.

## FACTUAL ALLEGATIONS

10. Americans consume over three billion pizzas each year.[1] "Overall, 13% of the U.S. population aged 2 years and over, consume[] pizza on any given day."[2] The United States' pizza market is valued at $46.98 billion, while the worldwide market is valued at $159 billion.[3] There are over 80,000 pizza retailers in the U.S.[4]

---

[1] Lenny Bernstein, *We Eat 100 Acres of Pizza a Day in the U.S.*, WASH. POST (January 20, 2015, 5:12 PM), https://www.washingtonpost.com/news/to-your-health/wp/2015/01/20/we-eat-100-acres-of-pizza-a-day-in-the-u-s/.
[2] Donna G. Rhodes, et al., *Consumption of Pizza: What We Eat in America*, U.S. Dep't Agric. (Feb. 2014), https://www.ars.usda.gov/ARSUserFiles/80400530/pdf/DBrief/11_consumption_of_pizza_0710.pdf (last accessed Dec. 6, 2022).
[3] Eric Summer, *Pizza Power Report 2023: Are Independents Making a Comeback?*, PMQ (Dec. 2022), https://www.pmq.com/pizza-power-report-2023/ (last accessed Dec. 6, 2022).
[4] *Id.*

11. Whole Foods sells whole hot pizzas at Whole Foods as part of its prepared food offerings. It represents that its pizzas are "18" Hot Pizza[s]," "18" hand-stretched pizzas," or "18" Whole Pies." The 18" Claims appear both online and in-store:





4

12. Whole Foods does not advertise or represent that it sells prepared hot pizzas in any sizes other than 18 inches. Whole Foods only represents that its pizzas are the advertised "18-inch" size.

13. Pizzas are sized by either reference to the diameter of the pizza, or by descriptive terms such as "small," "medium," or "large."[5] Whole Foods, in advertising the Product using the 18" Claims, represents that the Product is 18 inches in diameter. Plaintiff and Class members reasonably believed that Whole Foods use of "18" Hot Pizza," "18" hand-stretched pizzas," "18" Whole Pies," and similar marketing referred to pizzas that were 18 inches in diameter.

14. Contrary to Whole Foods' claims, the Product as sold at select locations of Whole Foods is not 18 inches in diameter. In fact, the Product is approximately 16 inches in diameter.

15. Whole Foods knew or should have known that the Product was not 18 inches because, at certain locations, it sells pizzas that are 18 inches in boxes that are large enough to fit 18-inch pizzas, i.e., at least 18 inches by 18 inches. Despite this, Whole Foods markets the Product with misleading claims regarding its size.

16. Plaintiff and Class members purchased the Product from Whole Foods in part due to Whole Foods' representations that the Product was 18 inches in diameter. Plaintiff and Class members paid for 18-inch pizzas, but instead received pizzas approximately 16 inches in diameter.

17. Plaintiff and Class members received far less food than they paid for.

---

[5] *See, e.g.*, *Nutrition Labeling of Standard Menu Items in Restaurants and Similar Retail Food Establishments Small Entity Compliance Guide*, FDA (Mar. 2015), https://www.fda.gov/media/91148/download (last accessed Dec. 6, 2022) ("Plain pizza pie: Small (12") 500 cal * Medium (14") 750 cal * Large (16") 1000 cal").

18. Plaintiff and Class members paid for approximately 254.47 square inches of pizza, but received only approximately 201.06 square inches of pizza. Plaintiff and Class members received over 50 square inches of pizza, or nearly 20 percent, less than what they paid for.

19. Whole Foods serves the Product in a cardboard pizza box covered in Whole Foods' branding. When fully constructed, the interior of the Product box is approximately 16 inches wide by 16 inches long. The Product box is far too small to contain a pizza that is 18 inches. The Product as advertised would not fit into the pizza boxes used at these Whole Foods locations.

20. Whole Foods represents that the Product is "hand-stretched." While some minor variation in size would not be unexpected in hand-stretched pizzas, the Product is approximately two inches smaller in diameter than advertised. Such a large difference in size cannot be attributed to any normal size variation occurring as a result of the hand-stretching process. This is reinforced by the fact that the Product boxes are only 16 inches wide and 16 inches long when assembled, meaning a product of the advertised size (18 inches in diameter) could not possibly fit into the Product box.

21. Whole Foods purchases the Product boxes in specific sizes, and knew that the Product boxes are 16 inches wide and 16 inches long when fully constructed.

22. Whole Foods knew or should have known that an 18-inch pizza would not fit into the Product box. Whole Foods knew or should have known that the Product as sold at select Whole Foods Market locations, including those sold to Plaintiff and Class members, were far smaller than the advertised size. Whole Foods knew or should have known that the 18" Claims are false, misleading, and likely to deceive a reasonable consumer.

23. The Product does not contain, and Plaintiff and Class members did not receive, the same or similar amounts of dough, sauce, cheese, and/or other toppings that Plaintiff and Class

members would have received had the Product been 18 inches in diameter. Plaintiff and Class members paid Whole Foods for food they did not receive.

24. The Product is "New York style" pizza,[6] with very thin, pliable crust. The Product is nearly 50 square inches smaller than advertised. If the Product contained the same amount of sauce, cheese, or other toppings as an 18-inch pizza, the Product's crust would become soggy, fall apart, become structurally unsound, or be unable to support the weight of the cheese, sauce, or toppings while being eaten.[7] Plaintiff and Class members received a Product containing less cheese, sauce, and other toppings than would be included on an 18-inch pizza. Similarly, if the Product contained the same amount of dough as would an 18-inch pizza, the Product would not be thin, "New York Style" pizza as was received by Plaintiff and the Class. Plaintiff and Class members received less food than they paid for.

25. Because the Product is not 18 inches in diameter, Whole Foods' advertising is false, misleading, unfair, deceptive, and intended to induce consumers to purchase the Product.

## CLASS ALLEGATIONS

26. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a Class defined as follows:

---

[6] "New York-style pizza has slices that are large and wide with a thin crust that is foldable yet crispy." Devorah Lev-Tov, *What Is New York-Style Pizza?*, SPRUCE EATS (Sept. 7, 2022), https://www.thespruceeats.com/what-is-new-york-style-pizza-2708764. New York style pizza "should be less than one-fourth-inch thick." Betty Hallock, *New York-style Pizza: What it Means*, L.A. TIMES (Mar. 25, 2009, 12:00 AM), https://www.latimes.com/food/la-fo-newyorkpizza25-2009mar25-story.html.

[7] *See, e.g.*, Lauren Rothman, *The Topping Mistake You're Making With Thin Pizza*, TASTING TABLE (June 23, 2022, 1:34 PM), https://www.tastingtable.com/905314/the-topping-mistake-youre-making-with-thin-pizza/?utm_campaign=clip ("[T]oo many toppings [] can weigh the pizza down and cause a soggy crust instead of a crispy one."). Too many toppings on a thin-crust pizza can "cause a soggy, undercooked crust that just can't crisp up under layers of likely-moist toppings such as sliced veggies, sauces, and cheeses." *Id.*

All persons in the United States and its territories who purchased the Product from Whole Foods Market.

Excluded from the Class are: (i) Defendant and its officers and directors, agents, affiliates, subsidiaries, and authorized distributors and dealers; (ii) all Class members that timely and validly request exclusion from the Class; and (iii) the Judge presiding over this action.

27. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

28. The members of the Class are so numerous that joinder of the Class members would be impracticable.

29. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions of law or fact include, *inter alia*:

    A.    Whether Defendant engaged in the conduct alleged;

    B.    Whether Defendant misrepresented the size of the Product or misbranded them;

    C.    Whether Defendant's claimed pizza size is false, deceptive, and likely to mislead a reasonable person;

    D.    Whether Plaintiff and the Class members paid for a product that they did not receive;

    E.    Whether Plaintiff and the Class members have been damaged and, if so, the measure of such damages;

    F.    Whether Defendant unjustly retained a benefit conferred by Plaintiff and the Class members; and

    G.    Whether Plaintiff and the Class members are entitled to equitable relief, including, but not limited to, a constructive trust, restitution, and injunctive relief.

30. Plaintiff's claims are typical of the claims of the Class members because, among other things, Plaintiff and the Class members were injured through the substantially uniform misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of himself and all Class members.

31. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

32. A class action is also warranted under Fed. R. Civ. P. 23(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole. Defendant has directed and continues to direct its conduct to all consumers in a uniform manner. Therefore, injunctive relief on a classwide basis is necessary to remedy continuing harms to Plaintiff and the Class members caused by Defendant's continuing misconduct.

33. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other detriment suffered by Plaintiff and the Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system should not be required to undertake such an unnecessary burden. Individualized litigation would also create a potential for inconsistent or

contradictory judgments and increase the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

## CLAIMS

### COUNT I
### Breach of Express Warranty

34. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

35. Whole Foods made affirmations of fact to Plaintiff and the Class members relating to and describing the Product as 18-inch pizzas.

36. Whole Foods' affirmations of fact and descriptions of the Product formed the basis of the bargain between Plaintiff and the Class members and Whole Foods, creating an express warranty under Uniform Commercial Code, 2-313—an identical or substantially similar version of which has been and is currently enacted in each and every state.

37. The Product was accompanied by an express warranty when placed in the stream of commerce by Defendant.

38. All conditions precedent have occurred or been performed.

39. Whole Foods breached the express warranty by selling a product that did not conform to the affirmations of fact and descriptions. The Product is not 18 inches in diameter. It is approximately 16 inches in diameter, and contains less dough, cheese, sauce, and toppings than a pizza of the advertised size. Plaintiff did not receive what he paid for.

40. At the time of sale to Plaintiff and the Class members, Whole Foods had actual knowledge that it breached express warranties with Plaintiff and the Class members.

41. As the foreseeable and actual result of Whole Foods' breach of express warranty, Plaintiff and the Class members were damaged.

## COUNT II
### Breach of Implied Warranty of Merchantability

42. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

43. Plaintiff asserts a claim for breach of implied warranty of merchantability on behalf of himself and other Class members.

44. Whole Foods, as the manufacturer, marketer, distributor, and seller of the Product is a merchant.

45. Plaintiff and the Class members purchased the Product that was manufactured and sold by Whole Foods in consumer transactions. The implied warranty of merchantability attended the sale of the Product.

46. To be merchantable, the Product must be at least such as:

    (a) Pass without objection in the trade under the contract description;

    (b) In the case of fungible goods, are of fair average quality within the description;

    (c) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved;

    (d) Are adequately contained, packaged, and labeled as the agreement may require; and

    (e) Conform to the promises or affirmations of fact made on the container or label if any.

47. The Product is not adequately contained, packaged and labeled because it is packaged as "18" Hot Pizza," "18" hand-stretched pizzas," and "18" Whole Pies," but is not 18 inches in diameter. Instead, it is only approximately 16 inches.

48. The Product does not conform to the promises and affirmations of fact made on its containers and labels because it is not 18 inches in diameter as Whole Foods' advertising warrants.

49. The Product does not pass without objection in the trade and is not of fair average quality within the contract description because they are far smaller than the advertised size.

50. Plaintiff and the other members of the Class did not receive the Product as warranted. The Product they purchased was worth less than the Product they were promised and expected.

51. As a result of Whole Foods' breach of warranty, Plaintiff and members of the Class suffered damages.

## COUNT III
## Unjust Enrichment

52. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

53. This claim is pleaded in the alternative to Plaintiff's breach of express warranty and breach of implied warranty claims.

54. Whole Foods has been unjustly enriched to Plaintiff's and the Class members' detriment as a result of its unlawful and wrongful retention of money conferred by Plaintiff and the Class members, such that Whole Foods' retention of their money would be inequitable.

55. Whole Foods' unlawful and wrongful acts, as alleged above, enabled Whole Foods to unlawfully receive monies it would not have otherwise obtained.

56. Plaintiff and the Class members have conferred benefits on Whole Foods, which Whole Foods has knowingly accepted and retained.

57. Plaintiff and the Class members paid Whole Foods for food they did not receive.

58. Whole Foods' retention of the benefits conferred by Plaintiff and the Class members would be against fundamental principles of justice, equity, and good conscience.

59. Plaintiff and the Class members seek to disgorge Whole Foods' unlawfully retained profits and other benefits resulting from its unlawful conduct, and seek restitution and rescission for the benefit of Plaintiff and the Class members.

60. Plaintiff and the Class members are entitled to the imposition of a constructive trust upon Whole Foods, such that its unjustly retained profits and other benefits are distributed equitably by the Court to and for the benefit of Plaintiff and the Class members.

## COUNT IV
## Violation of the Illinois Deceptive Practices and Consumer Fraud Act ("ICFA"), 815 ILCS 505/2

61. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

62. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2 prohibits unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, or misrepresentation in the conduct of any trade or commerce.

63. Plaintiff and the Class members are consumers who purchased the Product.

64. Whole Foods' conduct, described above, in misrepresenting and omitting material facts regarding the Product constitutes an unfair or deceptive practice and was and is likely to mislead a reasonable consumer, as detailed above.

65. A reasonable consumer would consider the promise of receiving something other than as promised to be material when making a decision to purchase the Product.

66. Plaintiff and the Class members relied on Whole Foods' representations that the Product was 18 inches in diameter when deciding to purchase the Product.

67. Whole Foods' practices were unfair because they offended public policy, were immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to consumers.

68. Whole Foods' unfair and deceptive acts or practices were the foreseeable and actual cause of Plaintiff and the Class members suffering actual damage on account of receiving a product that was not as advertised.

69. Plaintiff and the Class members paid a particular price for a product in accordance with Whole Foods' representations. When they received a product that was not in conformity with those representations and their reasonable expectations, Plaintiff and the Class members were damaged on account of receiving a Product other than as advertised.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against Defendant as follows:

A. Certifying the Class under Federal Rule of Civil Procedure 23, as requested herein;

B. Appointing Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel;

C. Awarding Plaintiff and the Class members actual, compensatory, statutory, punitive, and consequential damages;

D. Awarding Plaintiff and the Class members declaratory and injunctive relief;

E. Awarding Plaintiff and the Class members restitution and disgorgement;

F. Imposing a constructive trust for the benefit of Plaintiff and the Class members on the unjustly retained benefits conferred by Plaintiff and the Class members upon Defendant;

G. Awarding Plaintiff and the Class members reasonable attorneys' fees, costs, and expenses; and

  H.  Granting such other relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

DATED: December 16, 2022       Respectfully submitted,

                    s/ Ben Barnow
                    Ben Barnow
                     *b.barnow@barnowlaw.com*
                    Anthony L. Parkhill
                     *aparkhill@barnowlaw.com*
                    Riley W. Prince
                     *rprince@barnowlaw.com*
                    Nicholas W. Blue*
                     *nblue@barnowlaw.com*
                    **BARNOW AND ASSOCIATES, P.C.**
                    205 West Randolph Street, Ste. 1630
                    Chicago, IL 60606
                    Tel: 312-621-2000
                    Fax: 312-641-5504

                    *Counsel for Plaintiff*

                    *application for admission forthcoming